UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPA SHIPPING B.V. and NEPA TRANSPORT B.V., <br><br> Plaintiffs, <br><br> -against- <br><br> JINGHUA RIZHAO STEEL GROUP INTERNATIONAL TRADE CO., RIZHAO STEEL CO., LTD. and FAME RISEN DEVELOPMENT LTD., <br><br> Defendants. | 07 CIV 6081 (Cedarbaum) <br><br><br> FIRST AMENDED COMPLAINT |

**PLEASE TAKE NOTICE** that Plaintiffs, NEPA SHIPPING B.V. and NEPA TRANSPORT B.V., (collectively "NEPA"), by their attorneys, MAHONEY & KEANE, LLP, as and for an Amended Complaint against Defendants, JINGHUA RIZHAO STEEL GROUP INTERNATIONAL TRADE CO., RIZHAO STEEL CO, LTD. and FAME RISEN DEVELOPMENT LTD., allege, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

2.    Plaintiffs are legal entities duly organized and existing pursuant to the laws of a foreign country.

3.    Defendant RIZHAO STEEL CO. LTD. ("RIZHAO") is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 18th Floor, Tower A, Global Trade Center, No. 36, North 3rd Ring Road, Dongcheng District, Beijing, China, PC 100029.

4.    Defendant JINGHUA RIZHAO STEEL GROUP INTERNATIONAL TRADE CO. ("JINGHUA") is a business entity organized and existing pursuant to the laws of a foreign

country with offices and a place of business located at 8th Floor Zhijang Plaza, North Third Ring Road (middle), Beijing, China 100029.

5.      Defendant FAME RISEN DEVELOPMENT LTD ("FAME") is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at Rooms 1102-03 11/F, Kowloon Building, 555 Nathan Road, Mongkok, Kowloon, Hong Kong, China.

6.      Upon information and belief, JINGHUA is a wholly or partly owned subsidiary of Defendant RIZHAO, or vice versa.

7.      Upon information and belief, JINGHUA uses Defendant RIZHAO as a conduit to pay its debts and obligations and is otherwise an alter ego of RIZHAO, or vice versa.

8.      Upon information and belief, JINGHUA is a shell corporation through which Defendant RIZHAO conducts business, and vice versa.

9.      Upon information and belief, JINGHUA has no separate, independent identity from Defendant RIZHAO, and vice versa.

10.      Upon information and belief, Defendant JINGHUA is the alter ego of Defendant RIZHAO because RIZHAO dominates and disregards JINGHUA's corporate form to the extent that RIZHAO is actually carrying on the business and operations of JINGHUA, as if they were its own, or vice versa.

11.      Upon information and belief, RIZHAO acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant JINGHUA and/or receives payments being made to Defendant JINGHUA, or vice versa.

12.      Upon information and belief Defendants are affiliated companies such that Defendant RIZHAO is now or will soon be holding assets belonging to Defendant JINGHUA, or vice versa.

13.      Upon information and belief, JINGHUA is a wholly or partly owned subsidiary of Defendant FAME, or vice versa.

14.      Upon information and belief, FAME uses Defendant JINGHUA as a conduit to

pay its debts and obligations and is otherwise an alter ego of JINGHUA, or vice versa.

15.    Upon information and belief, JINGHUA is a shell corporation through which Defendant FAME conducts business, and vice versa.

16.    Upon information and belief, JINGHUA has no separate, independent identity from Defendant FAME, and vice versa.

17.    Upon information and belief, Defendant JINGHUA is the alter ego of Defendant FAME because FAME dominates and disregards JINGHUA's corporate form to the extent that FAME is actually carrying on the business and operations of JINGHUA, as if they were its own, or vice versa.

18.    Upon information and belief, FAME acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant JINGHUA and/or receives payments being made to Defendant JINGHUA, or vice versa.

19.    Upon information and belief Defendants are affiliated companies such that Defendant FAME is now or will soon be holding assets belonging to Defendant JINGHUA, or vice versa.

20.    Upon information and belief Defendants are partners and/or joint venturers.

21.    On or about May 31, 2006, Plaintiffs, as carriers, and Defendants, as charterers, entered into a charter agreement (booking note) for the transport of steel coils on board the M/V DS PIONEER.

22.    Plaintiffs complied with each and every requirement imposed by the agreement between the parties.

23.    Defendants wrongfully, willfully, negligently and/or fraudulently breach the terms of the subject booking note by, inter alia, failing to pay freight, demurrage, detention, port fees and other associated costs.

24.    As a result of Defendants' breach of the subject agreement, Plaintiffs have incurred, and will continue to incur, costs and expenses for which Defendants are liable under the terms of the booking note.

25.    Plaintiffs have placed Defendants on notice of their claim that Defendants have breached the subject booking note.

26.    Despite Plaintiffs' repeated demands, Defendants have failed to pay the amounts due and owing to Plaintiffs under the agreement.

27.    Pursuant to the agreement, disputes are to be settled by arbitration, and Plaintiffs have commenced or will shortly commence arbitration with Defendants, accordingly.

28.    Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

29.    As a result of Defendants' breach of the charter agreement, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $59,325.00 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $40,675.00 |
| **Total** | **$100,000.00** |

30.    Plaintiffs note that the above claim figures constitute estimates derived from the information currently available and reserve the right to amend or adjust same in the event that newly discovered facts demand such amendment.

31.    Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

32.    All conditions precedent required of Plaintiffs in the aforesaid agreement have been performed.

33.    Defendants cannot be found, within the meaning of Rule B of the Federal Rules

of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Bank of China and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiffs.

34.    For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiffs' claim as described above, Plaintiffs seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiffs pray:

A.    That process in due form of law issue against Defendants JINGHUA RIZHAO STEEL GROUP INTERNATIONAL TRADE CO., RIZHAO STEEL CO. LTD., and FAME RISEN DEVELOPMENT LTD., citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure

Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., Bank of China, DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$100,000.00** to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

    C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

    D.    That Plaintiffs have such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

    November 5, 2007

                Respectfully submitted,

                MAHONEY & KEANE, LLP
                Attorneys for Plaintiffs, NEPA SHIPPING B.V. and NEPA TRANSPORT B.V.

By:                             
                Edward A. Keane, Esq. (EK 1398)
                111 Broadway, 10th Floor
                New York, NY 10006
                Tel (212) 385-1422
                Fax (212) 385-1605
                File No. 67/3425/B/07/6

## SERVICE LIST

JINGHUA RIZHAO STEEL GROUP INT'L
TRADE CO.
8th Floor Zhijang Plaza, North Third Ring
Road (middle), Beijing, China 100029

RIZHAO STEEL CO., LTD.
18th Floor, Tower A, Global Trade Center, No.
36, North 3rd Ring Road, Dongcheng District,
Beijing, China, PC 100029

FAME RISEN DEVELOPMENT LTD
Rooms 1102-03 11/F, Kowloon Building, 555
Nathan Road, Mongkok, Kowloon, Hong
Kong, China

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK  :
          : SS.:
COUNTY OF NEW YORK :

   1.  My name is EDWARD A. KEANE.

   2.  I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

   3.  I am the attorney for Plaintiffs, NEPA SHIPPING B.V. and NEPA TRANSPORT B.V., in this action. I am fully authorized to make this Verification on its behalf.

   4.  I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

   5.  The reason that this Verification was made by me and not the Plaintiffs is that the Plaintiffs are corporations none of whose officers are present in this District.

   6.  The source of my knowledge is information and records furnished to me by the Plaintiffs and their counsel, all of which I believe to be true and accurate.

                      Edward A. Keane (EK 1398)

Sworn to before me this

5th _____ day of November, 2007

_____
Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified In New York County
Term Expires 06/06/2009